**Abatement Order filed October 9, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00169-CV

_____

**KYLE TAUCH, TRANQUILITY APARTMENTS GENERAL CORPORATION AND TRANQUILITY APARTMENTS LTD., Appellant**

**V.**

**JOEL R. SCOTT, Appellee**

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2011-21305**

---

## ABATEMENT ORDER

The reporter's record in this case was due **March 25, 2014**. *See* Tex. R. App. P. 35.1. The record was not filed. On April 8, 2014, this court ordered the court reporter, **Michelle Tucker,** to file the record within thirty days. When the court reporter failed to file the record as ordered, on May 21, 2014, this court ordered the court reporter to file the record within thirty days.

On May 27, 2014, the court reporter filed a motion for extension of time to file the record, which was granted until June 23, 2014. The record was not filed. On July 15, 2014, this court issued another order granting the court reporter an extension to file the record to August 15, 2014, because of the delayed receipt of payment for the record. The record was not filed. On September 2, 2014, the court issued a further order to the court reporter to file the record within thirty days and instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file the record. The record has not been filed with the court.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. Tex. R. App. P. 35.3(c). The trial court must help ensure that the court reporter's work is timely accomplished by setting work priorities. Tex. R. App. P. 13.3. Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of the **80th District Court** to conduct a hearing at which the court reporter, **Michelle Tucker,** appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court on or before **October 31, 2014**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. **If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.**


PER CURIAM